# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor, | ) ) ) | FILE NO. |
| Plaintiff, | ) ) | _____ |
| v. | ) ) | |
| MEDIPHARM-RX, INC., BRIAN GREEN,<br>GRADY D. MORRELL, and<br>MEDIPHARM-RX, INC. 401(k) PLAN, | ) ) ) ) ) | |
| Defendants. | ) | **C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff HILDA L. SOLIS, Secretary of Labor, UNITED

STATES DEPARTMENT OF LABOR ("Secretary") alleges as follows:

1.     This cause of action arises under the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.,

and is brought by the Secretary under §§ 502(a)(2) and (5) of ERISA, 29

U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the

provisions of Title I of ERISA, to obtain appropriate relief for breaches of

fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such

other further relief as may be appropriate to redress violations and enforce the provisions of that Title.

2. This court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue lies in the Middle District of Florida pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. The Medipharm-Rx, Inc. 401(k) Plan (hereinafter "the Plan") is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

5. Medipharm-Rx, Inc. ("Medipharm" or "the Company"), a Florida corporation and the plan sponsor and plan administrator, was at all relevant times a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

6.     Brian Green ("Green"), an individual who acted as plan administrator on behalf of the Company and who authorized distributions of plan assets, was at all relevant times a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

7.     Grady D. Morrell ("Morrell"), an individual who acted as plan administrator on behalf of the Company, was at all relevant times a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

8.     The Plan was established by Medipharm in 2005.

9.     The Company ceased operations in or around January 2007.

10.     When the Company ceased operations, the Defendants failed to terminate the Plan.

11.     The Defendants failed to maintain an adequate fidelity bond for the Plan, failed to secure fiduciary liability insurance, and never filed an Annual Return/Report Form 5500.

3

12.    The Plan permitted participants to contribute a portion of their pay to the Plan through payroll deductions.

13.    In accordance with 29 C.F.R. § 2510.3-102, participant contributions were required to be forwarded to the Plan on the earliest date on which such contributions could reasonably be segregated from the employer's general assets.

14.    For calendar year 2006, $12,362.77 in employee contributions to the Plan were withheld from employees' salaries, but $9,684.53 of that money was never forwarded to the Plan.  Defendants Medipharm, Green, and Morrell either (a) failed to segregate the contributions from Company assets as soon as they reasonably could do so and failed to forward them to the Plan, or (b) failed to appoint someone to carry out those tasks.

15.    During the periods that participant contributions were not remitted to the Plan as required, Defendants caused or allowed the contributions to be commingled with the general assets of the Company.

16.    Defendants Medipharm, Green, and Morrell caused or allowed the commingled funds referred to in the preceding paragraph to

be used for Company purposes and obligations rather than for the exclusive benefit of the Plan and the participants.

17.     Defendants have failed to take action to restore to the Plan the full amount of the un-remitted contributions plus lost interest that would have accrued but for the actions described in the preceding paragraphs.

18.     Defendants failed to monitor, control or attempt to rectify the acts of one another with respect to the Plan.

19.     By the actions described in paragraphs 14 through 18, Defendants, as fiduciaries of the Plan,

(a)     failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

(b)     failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with

such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

(c)     failed to ensure that the assets of the Plan did not inure to the benefit of the Company, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

(d)     caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect lending of money or other extension of credit between the Plan and a party in interest, in violation of ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B);

(e)     caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party in interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

(f)     dealt with assets of the Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

(g)     acted in the transactions described involving the Plan on behalf of a party whose interests were adverse to the interests of

6

the Plan or the interests of its participants and beneficiaries in violation of § 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

20.    Defendants are each liable for the breaches of the other, pursuant to § 405(a) of ERISA, 29 U.S.C. § 1105(a), in that they either (1) participated knowingly in an act of the other fiduciary, knowing such act was a breach, in violation of § 405(a)(1) or ERISA, 29 U.S.C. § 1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of § 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); or (3) had knowledge of a breach by the other fiduciary and failed to make reasonable efforts under the circumstances to remedy the breach, in violation of § 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

WHEREFORE, pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

A.    Order Defendants to restore to the Plan all losses, including interest or lost opportunity costs, which occurred as a result of their breaches of fiduciary obligations

B.    Order that the Plan set off the individual Plan accounts of any Defendant against the amount of losses, including lost opportunity costs, resulting from their fiduciary breaches, as authorized by § 1502(a) of

the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4)), if the losses are not otherwise restored to the Plan by the Defendants and reallocated to the non-breaching participants;

      C.     Remove Defendants as fiduciaries to the Plan and appoint a successor fiduciary or administrator, at Defendants' expense to arrange for Termination of the Plan and distribution of its assets;

      D.     Permanently enjoin Defendants from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, representative, or having control over the assets of any employee benefit plan subject to ERISA;

      E.     Enjoin Defendants from engaging in any further action in violation of Title I of ERISA;

      F.     Award Plaintiff the costs of this action; and

      G.     Provide such other relief as may be just and equitable.

Respectfully submitted this 4th day of March, 2010.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
 (404) 302-5463
 (404) 302-5438 (FAX)
Email:
stark.benjamin@dol.gov
ATL.FEDCOURT@dol.gov


SOL Case No. 09-08100

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

By: _Benjamin a. Stark_

   BENJAMIN A. STARK
   Trial Attorney

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff